UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY MILLS,<br><br>       *Plaintiff*,<br><br>v.<br><br>AMERICAN SIGNATURE, INC. d/b/a<br>VALUE CITY FURNITURE,<br><br>       *Defendant*. | Civil Action No. 1:22-cv-01885 (CJN) |

## ORDER

This matter is before the Court on Defendant American Signature Value City Furniture's ("ASI") Motion to Dismiss, ECF No. 5. On October 19, 2022, the Court issued a *Fox* order directing Plaintiff Gary Mills to respond to ASI's motion on or before November 18, 2022. The Court warned Mills that if he "fails to file a timely response—or fails to respond to the arguments raised by Defendant in its Motion—the Court will treat Defendant's Motion as conceded and, if the circumstances warrant, enter judgment for Defendant." Order at 2, ECF No. 12. Mills failed to file a response by the deadline. Instead, two weeks after the deadline, he filed a one-paragraph motion requesting the Court to (1) issue an order of wrongful termination, (2) order ASI to provide one year of salary and retirement benefits, and (3) schedule a hearing. Mills did not otherwise address the arguments raised in the motion to dismiss.

By failing to file a timely and substantive response, Mills has conceded the motion to dismiss. *See* Local Civ. R. 7(b); *Voacolo v. Fed. Nat'l Mortg. Ass'n*, 224 F. Supp. 3d 39, 43 (D.D.C. 2016); *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 480–81

(D.C. Cir. 2016) ("reluctantly" affirming the district court's dismissal under Local Civil Rule 7(b) but noting tension between that rule and Federal Rule of Civil Procedure 12(b)(6)).

Moreover, based on the facts before it, the Court concludes that it lacks personal jurisdiction over ASI. The company is incorporated in Ohio, maintains its principal place of business in Ohio, and was served in Ohio; it has no offices or stores in the District of Columbia (and appears to have no other connection—business or otherwise—to the District); and Mills was employed at an ASI store in Virginia and was terminated while physically present at that store. Notice of Removal ¶ 8, ECF No. 1; Ex. A, ECF No. 5-2; Ex. B, ECF No. 5-3. Given these facts, the Court cannot exercise jurisdiction over ASI consistent with D.C. law and the Due Process Clause. *See Fiorentine v. Sarton Puerto Rico, LLC*, 486 F. Supp. 3d 377, 384–86 (D.D.C. 2020); *see also Kurtz v. United States*, 779 F. Supp. 2d 50, 51 (D.D.C. 2011) ("Pro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." (quotations omitted)).

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

This is a final appealable order.

The Clerk is directed to terminate the case.

DATE: March 27, 2023

                                                CARL J. NICHOLS
                                                United States District Judge